UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TINA CHERISE WALTON,

    Plaintiff,

v.

JOHN E. POTTER,
   Postmaster General,

    Defendant.
                               /

Case No. 10-cv-10369

HONORABLE STEPHEN J. MURPHY, III

## ORDER GRANTING POTTER'S
## MOTION TO DISMISS (docket no. 8)

Tina Cherise Walton alleges that the Postmaster General of the United States Postal Service ("USPS"), John Potter, unlawfully terminated her employment on the basis of her gender, in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000e–e-17, and Michigan's Elliot-Larsen Civil Rights Act ("ELCRA"), Mich. Compl. Laws §§ 37.2101–37.2804. Potter moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) on September 20, 2010. Docket No. 8. Walton, who is representing herself in this matter, failed to submit a response brief within 21 days of the filing of the motion to dismiss, as required by this Court's local rules. *See* E.D. Mich. LR 7.1(e)(1)(B). Therefore, the Court will rule on the motion as unopposed. *See id.* 7.1(c). Furthermore, the Court does not believe that oral argument will aid in the resolution of this case, so it will rule on the papers submitted to the Court. *Id.* 7.1(f)(2). Walton cannot bring her state-law claim against a federal agency, and her Title VII claim cannot proceed because she has not timely exhausted other remedies. Accordingly, the Court will grant Potter's motion to dismiss.

**STANDARD OF REVIEW**

Rule 12(b)(6) allows dismissal of actions that "fail to state a claim upon which relief can be granted." The Sixth Circuit applies this standard when a defendant in a discrimination case attempts to defend the action on the basis of untimely recourse to administrative remedies. *See Mitchell v. Chapman*, 343 F.3d 811, 820 n.10 (6th Cir. 2003) (holding that the assertion of "administrative condition[s] precedent" by a defendant should be treated under Rule 12(b)(6)). A district court should only grant a motion to dismiss "'if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Minger v. Green*, 239 F.3d 793, 797 (6th Cir. 2001) (quoting *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996)). In evaluating a motion to dismiss, the court presumes the truth of all well-pled factual allegations. *Bishop v. Lucent Techs.*, 520 F.3d 516, 519 (6th Cir. 2006). *But see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the element of a cause of action will not do.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). All reasonable factual inferences are to be drawn in favor of the non-moving party. *Dubay v. Wells*, 506 F.3d 422, 427 (6th Cir. 2007). "Detailed factual allegations" are not required. *Twombly*, 550 U.S. at 555 .

The Supreme Court's decisions in *Twombly* and *Iqbal* should not be understood as undermining the Federal Rules' presumption of notice pleading, which only demands that the plaintiff make a "short and plain statement of the claim showing that the pleader is entitled to relief" in most instances. Fed. R. Civ. P. 8(a)(2). Nevertheless, those decisions do require a plaintiff to show in his or her complaint that a given claim is more than just a "possibility." A plaintiff cannot provide "facts that are 'merely consistent with' a defendant's liability" and expect to survive a motion to dismiss. *Iqbal*, 129 S. Ct. at 1949 (quoting

2

*Twombly*, 550 U.S. at 555). Rather, the facts must "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## ANALYSIS

### I. Elliot-Larsen Civil Rights Act

The ELCRA is a Michigan statute containing prohibitions similar to those found in the federal employment discrimination laws, and is frequently asserted in tandem with federal discrimination claims. *See* Mich. Comp. Laws § 37.2102 ("The opportunity to obtain employment . . . without discrimination because of . . . sex . . . is recognized and declared to be a civil right."). Nevertheless, an agency of the federal government, like the USPS, is only amenable to suit when Congress passes a law enabling such a suit to move forward, and Title VII is the exclusive vehicle for raising claims of gender discrimination in federal employment. *See Brown v. GSA*, 425 U.S. 820, 835 (1976); *Briggs v. Potter*, 463 F.3d 507, 517 (6th Cir. 2006); *see also Davis v. Potter*, No. 5:06-cv-44, 2008 WL 324251, at *2 (denying plaintiff the right to proceed with ELCRA claims alongside Title VII claims in her lawsuit against the Postmaster General). Therefore, the Court concludes that Walton's invocation of the ELCRA is inapposite in this case.

### II. Civil Rights Act of 1964

As amended by Title VII, the Civil Rights Act prohibits the agencies of the federal government from making "personnel actions affecting employees. . . based on . . . sex." 42 U.S.C. § 2000e-2(a). The Equal Employment Opportunity Commission ("EEOC") predicates the right to bring a civil action enforcing this prohibition on the timely exhaustion of EEO remedies within the employee's agency designed to promote informal resolution of disputes. *See Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004) ("[F]ederal employees who allege that they have been victims of discrimination must exhaust their

administrative remedies."). 29 C.F.R. § 1614.105 sets out the procedures relevant to this case. In order to preserve a legal remedy under Title VII, the aggrieved party "must initiate contact with [an EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." *Hardy v. Potter*, 191 F. Supp. 2d 873, 878 (E.D. Mich. 2002); 29 C.F.R. § 1614.105(a)(1). Walton alleges that she received notice of her September 26, 2008 employment decision on October 1, 2008. Def. Mot. at 5. But she did not seek EEO counseling through the USPS until September 4, 2009, nearly a year later. Def. Mot. Ex. C, at 1. This date is well beyond the forty-five day limit provided in the regulation, and forms a sufficient basis for dismissing this case.

Potter acknowledges that this condition is subject to principles of equitable tolling if Walton had good cause for being unaware of the time limit, but argues that she cannot assert it. *See Mitchell v. Chapman*, 343 F.3d 811, 820 (6th Cir. 2003) ("[A] federal employee's administrative obligation to consult with an EEO Counselor within a particular time period is a precondition to filing suit subject to equitable tolling, waiver and estoppel."). Courts apply equitable exceptions to time bars that permit suit against the government narrowly. *Hardy*, 191 F. Supp. 2d at 879, and the plaintiff carries the burden of demonstrating that the time bar should not apply. *See id.* (finding that a plaintiff with serious mental illness made a sufficient case for the application of equitable tolling of an EEO counseling deadline). But Walton has not alleged any facts which suggest that she should be excused for her failure to timely file a request for informal mediation.[1] Therefore,

---

[1] The Court's conclusion is bolstered by the dismissal of Walton's EEO complaint filed with the USPS. Def. Mot. Ex. B. The EEO Analyst reached the conclusion that Walton presented no evidence that she was unaware of the time limit, or that there was a legitimate excuse for her delay. *Id.* at 3. Moreover, the dismissal notes that information on the requirement to timely seek counseling was on display at the facility where Walton

4

the Court will not depart from the typical rule that Walton's untimely recourse to EEO counseling requires the dismissal of this case.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Potter's motion to dismiss (docket no. 8) is **GRANTED**. This case is hereby **DISMISSED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: October 14, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 14, 2010, by electronic and/or ordinary mail.

Alissa Greer
Case Manager

---

worked, which further militates against finding an exception to the general rule against equitable tolling in this case. *Id.*